# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

DEREK Q. JAMES,  )
  )
    Plaintiff,  )
  )
v.  )   No. 2:13CV3 JCH
  )
GEORGE A. LOMBARDI, et al.,  )
  )
    Defendants.  )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 182777), an inmate at Northeast Correctional Center ("NECC"), for leave to commence this action without payment of the required filing fee. Plaintiff, a prisoner, has filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim.[1] Under 28 U.S.C. § 1915(g), therefore, the Court may not grant the motion unless plaintiff "is under imminent danger of serious physical injury."

**Discussion**

---

[1] James v. Schriro, No. 99-3392 (W.D. Mo. 1999) (failure to state a claim); James v. Schriro, No. 00-1461 (8th Cir. 2000) (dismissal as frivolous summarily affirmed; counts as strike under § 1915(g)); James v. Schriro, No. 99-4264 (W.D. Mo. 2000) (failure to state a claim).

An overview of the complaint indicates that plaintiff is unhappy with his housing assignment at NECC.  He claims that he is currently being housed in a large, refurbished gymnasium, (size unknown) called 17 House, at NECC with 165 other inmates, broken into two separate living areas: a Pending Transfer Side and a Treatment Side.

Plaintiff states that approximately 83-85 of the inmates on the Pending Transfer Side share 2 Sinks, 2 Urinals, 5 Toilets and 5 Showers, but he notes that these inmates have "All-Day" seven-days a week access to the rest of the NECC prison population. He states that the 83-85 inmates on the Treatment Side share approximately 6 sinks, 4 urinals, 4 toilets and 6 showers.  Plaintiff states in a conclusory manner that these conditions are "overcrowded" and could cause "sick building syndrome" and "building related illness."  He also states in a conclusory manner that an "imminent danger to a serious physical injury" could occur at any time in these conditions, although he fails to state exactly what the purported danger is.[2]

---

[2]Approximately one month after filing his complaint, plaintiff filed a motion entitled, "Emergency Request for Status of Forma Pauperis Initial Ruling/Order to Be Granted."  In his motion, plaintiff states that black mold is growing in 17 House Pending Transfer Showers at NECC.  The Court does not find that the existence of black mold in the showers at 17 House Transfer Showers is enough to place plaintiff in "imminent danger of serious physical harm" within the context of 28 U.S.C. § 1915(g).  Nor does plaintiff's black mold claim allow for injunctive relief in this case at this time. "A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an

Section 1915(g) provides that, even if a prisoner has exhausted his three strikes, he will be permitted to proceed in forma pauperis if he is "under imminent danger of serious physical injury." The United States Court of Appeals for the Eighth Circuit has held that an otherwise ineligible prisoner is only eligible to proceed in forma pauperis if he is in imminent danger at the time of filing his complaint. Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998).  "Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." Id. "Moreover, the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Applying these principles, the Eighth Circuit has concluded that the imminent-danger-of-serious-physical-injury standard was satisfied when an inmate alleged that prison officials continued to place him near his inmate enemies, despite two prior stabbings, Ashley, 147 F.3d at 717, and when an inmate alleged deliberate

---

opportunity to rule on the lawsuit's merits.  Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).  In this case, there is no relationship between the alleged "black mold" plaintiff claims is in the showers and the alleged "overcrowding" asserted in the complaint. Consequently, the motion for emergency injunctive relief will be denied.

indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions, McAlphin v. Toney, 281 F.3d 709, 710-11 (8th Cir. 2002).

However, the Eighth Circuit has held that a general assertion that defendants were trying to kill the plaintiff by forcing him to work in extreme weather conditions despite his blood pressure condition, was insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury. Martin, 319 F.3d at 1050.

Upon review, the Court finds plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1915(g).  Plaintiff is a frequent filer of prisoner complaints and as noted above, has had three or more complaints dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted.  Plaintiff's allegations of imminent danger are really nothing more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 149 (2009). Plaintiff's "facts," show nothing more than a "mere possibility" of danger, that cannot suffice to allow him to proceed without payment of the full filing fee at this time. Therefore, the complaint will be dismissed, pursuant to § 1915(g).

Additionally, the Court finds that even if the Court were to allow plaintiff to proceed as a pauper, his complaint would be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). Plaintiff's claims are legally frivolous and fail to state a claim upon which relief may be granted. See Hudson v. McMillian, 112 S.Ct. 995, 999-1000 (1992) (to establish objective component of conditions-of-confinement claim, deprivation must be "extreme" and must deny "minimal civilized measure of life's necessities"); Wilson v. Seiter, 111 S. Ct. 2321, 2326 (1991); Seltzer-Bey v. Delo, 66 F.3d 961, 963-64 (8th Cir. 1995)(for conditions of confinement to violate Eighth Amendment, inmate must show alleged deprivations denied him minimal civilized measure of life's necessities and defendants were deliberately indifferent to excessive risk to his health or safety).

Plaintiff's conclusory allegations of "overcrowding" and his baseless assertions that the inmates in 17 House could be subjected to "sick building syndrome" and "building related illness" fail to allege an extreme deprivation or a denial of a minimal civilized measure of life's necessities. Even plaintiff's recitation of the number of bathrooms, sinks and urinals available per inmate in 17 House fails to allege a violation of the Eighth Amendment such that his claim could survive in forma pauperis review. Simply put, plaintiff's complaint lacks facts indicating that he is actually and immediately fearful for his life or that he has been placed in

conditions that have left him with extreme deprivations of life's necessities. As such, plaintiff's claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request for emergency injunctive relief [Doc. #5] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that, alternatively, this action is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), as legally frivolous and for failure to state a claim upon which relief may be granted.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this  2nd   day of April, 2013.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE